UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MEYERS DIVISION
Case No. 2:23-cv-00073-JLB-KCD

YARITZA CABRERA,

    Plaintiff,

vs.

SPARKLEAN CLEANING, LLC
and TONY A GIULIANO,

    Defendants.
_____/

**JOINT MOTION TO REVIEW AND APPROVE
FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

The Parties, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

1. Plaintiff's complaint alleges Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by not paying alleged overtime compensation. Defendants deny any wrongdoing, and further deny Plaintiff is entitled to any relief whatsoever. The parties agree there is a bona fide, good faith dispute as to both liability and damages on Plaintiffs' claims.

2. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with either the approval of the district court or under the supervision of the U.S. Department of Labor. The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

3. All parties are represented by counsel in this action, and all agree and stipulate that the settlement represents a fair, reasonable, good faith, and arms-length settlement of Plaintiff's claims. The claim was settled for $5,500.00 Plaintiff shall receive a net of $2,043.00. Costs amount to $1,257.00. Attorneys fees are $2,200.00. As a result, Plaintiff and Defendants have agreed to a resolution of all claims in this matter as provided in the Settlement Agreement attached hereto as Exhibit "A."

4. The parties represent that because of this Settlement Agreement, Defendants have agreed to pay Plaintiff's attorneys' fees and costs, as negotiated by the Parties and as stated and scheduled in the Settlement Agreement. Plaintiff represents, and Defendants agree, the allocation of attorneys' fees and costs reflected in the Settlement Agreement is reasonable. Furthermore, the parties

represent the amount of the settlement allocated to attorneys' fees and costs was negotiated separately and without regard to the Plaintiff's underlying claim for unpaid minimum wages, or any other claim brought in this action.

5. The parties stipulate they had a bona fide dispute and are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation. Additionally, Plaintiff's claims involve disputed issues.

6. The parties agreed to the terms of the settlement after conferring with their respective attorneys.

7. Counsel for both parties represent that this settlement was an arms-length compromise with no collusion with regard to the settlement of this matter.

8. Counsel for both parties also represent that the continuation of this litigation would necessitate further expense necessitating additional expenditures of costs and attorneys' fees.

9. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

10. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Under *Lynn's Food Stores, Inc*, the Parties request that the Court review and approve their settlement and dismiss

this action with prejudice. The Parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

11.     The parties respectfully request the Court review and approve the settlement as fair and reasonable, and stipulate to the dismissal of this action with prejudice. The parties agree to the dismissal of this action with prejudice on the condition the Court retains jurisdiction solely to enforce the terms of the settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1280 (11th Cir. 2012).

## MEMORANDUM OF LAW

Judicial review and approval of portions of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc.*, 679 F.2d 1350.

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Tamayo v. Spice Resto-Lounge, Inc.*, 2016 WL 11547579, at *5 (S.D. Fla. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 11547580 (S.D. Fla. Sept. 28, 2016). The Court should be mindful of the strong presumption in favor of finding a fair settlement. *Ambiela v. Roko Investments 2 LLC*, 2023 WL 2244828, at *2 (S.D. Fla. Jan. 20, 2023), *report and recommendation adopted*, 2023 WL 2240445 (S.D. Fla. Feb. 27, 2023) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)

(presumption of finding class action settlement fair adopted for use in FLSA settlement).

All relevant criteria support final approval of the Settlement Agreement. First, courts have found no fraud or collusion where both parties were represented by counsel and the amount paid to the plaintiff seemed fair. See *August v. AtLarge, Inc.*, 2023 WL 1452200, at *1-2 (M.D. Fla. Jan. 10, 2023), *report and recommendation adopted*, 2023 WL 1441820 (M.D. Fla. Feb. 1, 2023) (settlement found fair if parties are represented by experienced counsel and when amounts recovered on their face are not unreasonable). All counsel involved have experience in litigating claims under the Fair Labor Standards Act, and each counsel was obligated to and did vigorously advocate for their clients.

The complexity, expense, and length of future litigation also militate in favor of this settlement. If the parties continued litigating this matter, they would be forced to engage in extensive and expensive trial preparation. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The Parties exchanged information and documentation regarding Plaintiff's hours and pay and other related information. In agreeing upon the proposed settlement, the

parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

The last element the Court should evaluate in determining the fairness of the settlement is the reasonableness of the attorneys' fees. *Ambiela*, 2023 WL 2244828, at *3. *Id.* Here, the parties agree the amount negotiated and agreed upon as attorney's fees and costs is reasonable based on the time spent by Plaintiff's counsel in prosecuting and resolving her claims, the risk involved, and the total settlement value and benefit obtained by Plaintiff. The parties negotiated the fees separately from Plaintiff's settlement payment and the fees were not negotiated in relation to or as a portion of Plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Therefore, both parties request this Court find the proposed attorneys' fees reasonable.

WHEREFORE, the parties jointly request that the Court approve the parties' settlement and dismiss this action with prejudice, expressly conditioned on this Court's reservation of jurisdiction to enforce the settlement terms.

Respectfully submitted on April 4, 2024.

| | |
|---|---|
| */s/ Elvis J. Adan* | */s/Victor Bermudez* |
| Elvis J. Adan, Esq. | Victor Bermudez |
| Fla. Bar No.: 24223 | McIntyre & Bermudez, PLLC |
| | 1520 Royal Palm Square Blvd. |
| GALLARDO LAWOFFICE, P.A. | Suite 210 |
| 8492 SW 8th Street | Fort Myers, FL 33919 |
| Miami, Florida 33144 | 239-935-8426 |
| Telephone: (305) 261-7000 | Fax: 239-291-6668 |
| Facsimile: (305) 261-0088 | Email: victor@mbcounsel.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |