DocuSign Envelope ID: 843D975D-5D0A-4989-8905-25602C375154

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into by and between SPARKLEAN CLEANING, LLC and TONY A GIULIANO (referred to throughout this Agreement as "DEFENDANT") and Yaritza Cabrera, on behalf of herself, her heirs, executors, administrators, successors, and assigns (singularly and collectively referred to throughout this Agreement as "Cabrera").

WHEREAS, on or about Cabrera has brought forth a claim for unpaid wages (referred to hereafter as the "Lawsuit");

WHEREAS, DEFENDANT denies the validity of CABRERA's claims and denies that it is subject to any liability;

WHEREAS, the parties wish to resolve and settle their differences without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals.** The parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration.** In consideration for signing this Agreement and compliance with the promises made herein, DEFENDANT shall pay to CABRERA the total sum of FIVE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($5,500.00), allocated as follows:

    a. DEFENDANT shall issue first payment in the amount of TWO THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($2,750.00), made payable to Gallardo Law Firm P.A. Forty Five (45) days from signature of the agreement.

    b. DEFENDANT shall issue payment in the amount of TWO THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($2,750.00), made payable to Gallardo Law Firm P.A. Forty Five (45) days from the first payment.

    c. The settlement proceeds shall be delivered to CABRERA's counsel at the address of 8492 SW 8th St. Miami FL 33144 Attn: Elvis J. Adan, Esq. as follows and in satisfaction of *all* of the following conditions precedent:

        (1) receipt by counsel for DEFENDANT of this Agreement executed by CABRERA;

1

DocuSign Envelope ID: 843D975D-5D0A-4989-8905-25602C375154

(2) Following the receipt of items set forth in subsection (1) and (2), DEFENDANT shall tender the full sum of the settlement to CABRERA's a total of ninety (90) days of the parties signing the agreement; and

(3) If DEFENDANT fails to tender payment within the time specified in this Agreement, then CABRERA, through her counsel, must inform DEFENDANT, through its counsel, in a written form, regarding the non-payment. From the date that DEFENDANT's counsel receives this written notification from CABRERA's counsel, DEFENDANT shall have seven (7) days to cure any non-payment. If DEFENDANT fails to cure the non-payment within the period specified, all outstanding monies payable under this Agreement shall become due and owing within ten (10) days. Prevailing party fees and costs will be awarded in the case of any party having to bring a proceeding to enforce a proven breach.

d.  The parties agree and acknowledge that approval of this Agreement is necessary to provide for a full and complete release of any claims that CABRERA alleges under the Fair Labor Standards Act. Thus, the parties agree to file a Joint Motion Requesting an Order Approving Settlement Agreement and to Dismiss Lawsuit. The parties agree and acknowledge that Court approval of the Agreement is a material term of the settlement of the Lawsuit. The parties agree that this settlement represents a fair and reasonable settlement of a bona fide dispute and should be approved by the Court.

e.  Any employee tax obligation arising from the payment made to CABRERA under this Agreement will be CABRERA's sole responsibility. CABRERA agrees to and does indemnify, defend and hold DEFENDANT harmless for and from any federal, state and local tax liability, including taxes, interest, penalties, and required withholdings, which may be or are imposed upon DEFENDANT by any taxing authority based upon any failure by CABRERA to withhold any amount from the settlement proceeds for tax purposes, and also for any and all attorneys' fees and costs incurred by DEFENDANT in defending any and all such successful matters.

3.  **No Consideration Absent Execution of this Agreement**.  CABRERA understands and agrees that she would not receive the monies and/or benefits specified in paragraph 2 above, except for his execution of this Agreement and the fulfillment of the promises contained herein. The payment reflected in paragraph 2 is made in full and final settlement and resolution of the Lawsuit.

4.  **General Release of Claims**.

a.  **General Release of Claims by CABRERA**. In exchange for, and in consideration of, the payments, benefits, and other commitments described above, CABRERA

2

DocuSign Envelope ID: 843D975D-5D0A-4989-8905-25602C375154

knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, DEFENDANT and ~~Patrol Services, Inc~~. and its parent corporations, subsidiaries, affiliates, divisions, predecessors, successors and assigns, joint employers, joint ventures, and the current and former employees, officers, directors, owners, insurers, and agents thereof (all of the above singularly and collectively referred to in this provision as the "Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted, CABRERA has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Family and Medical Leave Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Workers' Compensation Retaliation Statute -- Fla. Stat. §440.205;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- The Florida Minimum Wage Act and any other Florida wage payment laws;
- Fla. Stat. §448.08;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

Nothing in this Agreement, including but not limited to the confidentiality and non-disparagement provisions, prohibits or prevents CABRERA from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission or the National Labor Relations Board (NLRB) or a similar agency enforcing federal, state or local laws. However, to the maximum extent permitted by law, CABRERA agrees that if such an administrative claim is made to such an agency, she shall not be entitled to recover any individual monetary relief or other individual remedies. In addition, nothing in this Agreement: (1) prohibits CABRERA from reporting possible violations of federal law or regulations, including any possible securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the U.S. Congress, or any agency Inspector General; (2) prohibits CABRERA from making any other disclosures that are protected under the whistleblower provisions of federal law or regulations; (3) prohibits CABRERA from otherwise fully participating in any federal

DocuSign Envelope ID: 843D975D-5D0A-4989-8905-25602C375154

whistleblower programs including but not permitted to any such programs managed by OSHA; or 4) prevents a non-management, non-supervisory employee from engaging in protected concerted activity under §7 of the National Labor Relations Act (NLRA) or similar state law such as joining, assisting, or forming a union, bargaining, picketing, striking, or participating in other activity for mutual aid or protection, or refusing to do so; this includes using or disclosing information acquired through lawful means regarding wages, hours, benefits, or other terms and conditions of employment, except where the information was entrusted to the employee in confidence by DEFENDANT as part of the employee's job duties.

      b.    **General Release of Claims by DEFENDANT**. DEFENDANT knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, CABRERA and her heirs, executors, administrators, successors, counsel, and assigns, of and from any and all claims, known and unknown, accrued and unaccrued, asserted and unasserted, DEFENDANT has or may have as of the date of execution of this Agreement.

5.    **Affirmations**.

      a.    CABRERA affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against DEFENDANT in any forum or form, except for the Lawsuit.

      b.    CABRERA further affirms that she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him by DEFENDANT, except as alleged in the Lawsuit and except as provided for in this Agreement.

      c.    CABRERA furthermore affirms that she is not aware of any workplace injuries or occupational diseases.

6.    **Confidentiality**.

      a.    CABRERA warrants that she has not disclosed any of the terms of this Agreement, or the negotiations related to this Agreement, to anyone other than his attorneys. CABRERA represents and agrees that (i) she will keep the terms of this Agreement completely confidential, except and unless disclosure is required and compelled by law or as otherwise set forth below and (ii) if disclosure is compelled by court order, she will disclose only so much information as is necessary for compliance. CABRERA agrees not to publicize or disclose any of the terms of this Agreement in any manner whatsoever, whether in writing or orally, to any person, directly or indirectly, or by or through any agent or representative, except as necessary to effectuate the terms of the Agreement, other than to the following: (1) his attorneys; (2) his accountant; and tax consultants; and (3) other representatives or entities as required and compelled by law or lawful court order. With respect to any individuals referred to above to whom CABRERA knowingly discloses any information regarding this Agreement or its terms, CABRERA agrees that she will inform such individuals that the information is strictly confidential and may not be reviewed, discussed or disclosed, orally or in writing with any other person, organization or entity whatsoever, at any time. In the event any inquiry is made of CABRERA concerning this matter,

4

DocuSign Envelope ID: 843D975D-5D0A-4989-8905-25602C375154

the shall indicate only that "the matter has been resolved," and shall give no other indication of the outcome.

7.    b.    In the event that CABRERA is required by compulsion of legal process to disclose, publicize, or to permit, authorize or instigate the disclosure of this Agreement, in whole or in part, she must notify DEFENDANT in writing at least ten (10) days prior to the disclosure in order to provide DEFENDANT an opportunity to object to such disclosure. Such written notification shall be sent to: victor@mbcounsel.com and info@sparklean.co. CABRERA agrees to reasonably cooperate fully with DEFENDANT if the company objects to such disclosure.

c.    This confidentiality agreement specifically includes but is not limited to an obligation, on the part of CABRERA, not to knowingly disclose, or cause to be disclosed, the terms of the Agreement to any current or former employee or independent contractor of DEFENDANT.

d.    Nothing in paragraph 6 of this Agreement prohibits CABRERA from communicating with any federal, state, or local government agency including, but not limited to, the Department of Justice, the Securities and Exchange Commission, Congress, an Inspector/Attorney General, or the NLRB including communication of otherwise confidential information. Nor does paragraph 6 or any other provision of this Agreement prohibit disclosure of information lawfully acquired by a non-management employee about wages, hours or other terms and conditions of employment if used by them for purposes protected by §7 of the NLRA such as joining or forming a union, engaging in collective bargaining, or engaging in other concerted activity for their mutual aid or protection.

8.    **Non-Disparagement**.

a.    CABRERA agrees that she will not now or in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding DEFENDANT, DEFENDANT's ownership, or DEFENDANT's employees in any method or medium, electronic or otherwise, or (b) make or authorize to be made any written or oral statement that may disparage the reputation of DEFENDANT.

9.    **No Re-Employment**. CABRERA agrees that she will not apply for employment (on any basis, whether temporary or permanent, direct or indirect) with DEFENDANT and she acknowledges that any application for employment she makes to DEFENDANT may be rejected without cause. CABRERA understands and acknowledges that DEFENDANT is and never shall be under any obligation to re-employ him.

10.    **Neutral Reference**. CABRERA shall refer any prospective employers that desire a reference DEFENDANT. DEFENDANT agrees to provide a neutral reference to any prospective employers of CABRERA that request a reference, which shall consist solely of confirmation regarding his job title and dates of employment.

11.    **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time

5

DocuSign Envelope ID: 843D975D-5D0A-4989-8905-25602C375154

for any purpose as an admission by DEFENDANT of any liability or unlawful conduct of any kind. DEFENDANT specifically asserts that all actions taken with regard to CABRERA were proper and lawful and affirmatively deny any wrongdoing of any kind.

12. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action for breach and/or to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any such action.

13. **Severability**. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

14. **Headings.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provision.

15. **Amendment**. This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

16. **Binding Nature of Agreement.** This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. CABRERA expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

17. **Selective Enforcement**. The Parties agree the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed a waiver or relinquishment thereof and the same shall continue in full force and effect.

18. **Copy of Agreement Valid**. The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed counterparts to the Agreement are missing.

19. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. CABRERA acknowledges that she has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

DocuSign Envelope ID 843D975D-5D0A-4989-8905-25602C375154

CABRERA IS HEREBY ADVISED THAT she HAS A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. CABRERA IS FURTHER ADVISED THAT she SHOULD CONSULT WITH COUNSEL BEFORE SIGNING THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE TO REVIEW AND DISCUSS THE TERMS OF THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE.

HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, CABRERA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS she HAS OR MIGHT HAVE AGAINST DEFENDANT AND ALL OF THE RELEASED PARTIES, AS OF THE DATE OF EXECUTION OF THIS AGREEMENT.

CABRERA CONFIRMS THAT THIS AGREEMENT HAS BEEN TRANSLATED FROM ENGLISH TO SPANISH AND AGREES/ACKNOWLEDGES THAT she UNDERSTANDS THIS AGREEMENT IN FULL.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

| Yaritza Cabrera | Sparklean Cleaning, LLC and Tony A Giuliano |
|---|---|
| Signature: *[DocuSigned by: /s/ — FB424FF00B3147F]* | Signature: _____ <br> Name: _____ <br> Title: _____ |
| Date: 2/28/2024 | Date: _____ |

CABRERA IS HEREBY ADVISED THAT she HAS A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. CABRERA IS FURTHER ADVISED THAT she SHOULD CONSULT WITH COUNSEL BEFORE SIGNING THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE TO REVIEW AND DISCUSS THE TERMS OF THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE.

HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, CABRERA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS she HAS OR MIGHT HAVE AGAINST DEFENDANT AND ALL OF THE RELEASED PARTIES, AS OF THE DATE OF EXECUTION OF THIS AGREEMENT.

CABRERA CONFIRMS THAT THIS AGREEMENT HAS BEEN TRANSLATED FROM ENGLISH TO SPANISH AND AGREES/ACKNOWLEDGES THAT she UNDERSTANDS THIS AGREEMENT IN FULL.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

| Yaritza Cabrera | Sparklean Cleaning, LLC and Tony A Giuliano |
|---|---|
| Signature: _____ | Signature: _Tony Giuliano_<br>Name: _Tony Giuliano_<br>Title: _Owner_ |
| Date: _____ | Date: _2/28/2024_ |